IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Christopher Forbes, )<br>Petitioner, )<br> )<br>v. )<br> )<br>Harold Clarke, )<br>Respondent. ) | 1:19cv969 (TSE/IDD) |

## MEMORANDUM OPINION AND ORDER

Christopher Forbes, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 arguing that the rate of good time credits that Virginia Department of Corrections (VDOC) calculated for him is incorrect. Forbes admitted in his petition that the Supreme Court of Virginia found his claim barred by the state habeas statute of limitations, Virginia Code § 8.01-654(A)(2). On February 28, 2020, the Court directed the respondent to address whether Forbes had established cause and prejudice to excuse the default. On March 26, 2020, respondent filed a motion to dismiss [Dkt. No. 9], with a brief in support, and provided petitioner with the notice required by Local Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). [Dkt. Nos. 10, 11]. Petitioner has responded and the matter is now ripe for adjudication. For the reasons stated below, this the underlying petition must be dismissed.

### I. Procedural History

On January 21, 2005, the Circuit Court of Loudoun County revoked four years of a suspended sentence for grand larceny originally imposed on May 11, 2001. Several months later, on May 6, 2005, Forbes was convicted of robbery and abduction in the Circuit Court of

Fairfax County and was sentenced to 35 years in prison, with 20 years suspended.[1] (Va. Sct. Rec. at 40-41). On November 15, 2013, the Circuit Court of Fairfax County revoked nine months of a sentence originally imposed on May 25, 2001. Forbes became a VDOC responsible offender on September 8, 2008 and was committed to a total active term of imprisonment of 19 years, and 9 months. (Va. Sct. R. at 41).[2]

On June 28, 2017, Forbes filed a habeas petition in the Supreme Court of Virginia alleging that the VDOC had been deprived him of a total of 2101 days of jail credit, and that the VDOC had miscalculated his release date by 2101 days. (Va. Sct. R. at 68). The Supreme Court of Virginia, based upon an affidavit from the Legal Services section within the VDOC and the records of the criminal proceedings in Loudoun and Fairfax Counties, found that Forbes had been credited with all the jail credit days to which he was entitled and that his release date had been accurately calculated. (Va. Sct. Rec. at 68-69). The Supreme Court of Virginia dismissed Forbes habeas petition on November 21, 2017. Forbes v. Clarke, Record No. 170883.

On January 8, 2018, Forbes filed a § 2254 petition in the United States District Court for the Western District of Virginia, which was subsequently transferred to the Eastern District of Virginia. Forbes v. Clarke, 1:18cv158, [Dkt. Nos. 1, 4]. In the federal petition, Forbes claimed that his jail credit days had been "miscalculated," and that he was entitled to an additional 2101 jail credit days to those at issue in the first state habeas. Forbes, however, had not properly

---

[1] The pertinent state court records are included in the certified copies provided by the Supreme Court of Virginia and will be cited as follows, "Va. Sct. Rec. at ___."

[2] Forbes was convicted of other crimes in the Circuit Court of Arlington County and the Circuit Court of the City of Alexandria and the sentences imposed for those convictions were shorter than those imposed in Fairfax County and were run concurrent with the Fairfax County sentences. (Va. Sct. R. at 41).

2

raised this claim in his state habeas petition and his federal petition was dismissed without prejudice on October 18, 2018 to allow Forbes to exhaust his claim. Id., [Dkt. No. 16].

Forbes returned to the Supreme Court of Virginia and filed a second habeas petition on November 2, 2018, which was dismissed as untimely on June 10, 2019 pursuant to Virginia Code § 8.01-654(A)(2) because Forbes had not filed the "petition within one year after the action accrued." Forbes v. Clarke, record No. 181534, (Va. Sct. Rec. at 15).

Forbes filed the present § 2254 petition on July 12, 2019 raising the claim that the VDOC had miscalculated his total number of jail credit days and therefore miscalculated his good time release date.[3] Forbes admitted in his state habeas proceedings, in a pleading dated September 8, 2017, that he was aware of this claim (Va. Sct. Rec. at 63-64) and admitted the same in the present § 2254 petition. See [Dkt. No. 1 at 5]. The respondent was directed to address the default under Virginia Code § 8.01-654(A)(2). Petitioner responds there is cause and prejudice and that he was diligent. The record does not support petitioner's assertion of either cause or diligence.

## II. Default

"Generally, if a claim is procedurally defaulted in state court, federal habeas review is barred 'unless the prisoner can demonstrate cause for the default and actual prejudice.'" Sigmon v. Stirling, 956 F.3d 183, 198 (4th Cir. 2020) (quoting Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Sparrow v. Dir., Dep't of Corrs, 439 F. Supp. 2d 584, 588 (E.D. Va. 2006) (recognizing § 8.01-654(A)(2) as an independent and adequate bar). A court need not consider the issue of

---

[3] The envelope in which the habeas petition was sent is postmarked July 12, 2019, the petition and cover letter within the envelop are not dated. Accordingly, the Court will use the July 12, 2019 date. See Houston v. Lack, 487 U.S. 266, 276 (1988).

3

prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

Forbes argues his ignorance of the law and the VDOC's refusal to provide him information establishes cause to excuse his default. [Dkt. No 12 at 1-4]. To demonstrate "cause," a petitioner must show "the factual or legal basis for the claim was not reasonably available to the claimant at the time of the state proceeding." Hedrick v. True, 443 F.3d 342, 366 (4th Cir. 2006) (internal quotations omitted). Basic ignorance of the law does not constitute cause to circumvent the procedural default. Steele v. Young, 11 F.3d 1518, 1522 (10th Cir. 1993) ("Steele's status as a pro se petitioner and his deficiencies in reading and writing skills are not external factors that prevented Steele or his counsel from raising the double jeopardy issue on direct appeal. Thus, they do not constitute "cause" for the default."); see Coleman v. Thompson, 501 U.S. 722, 753 (1991) (the cause prong of the cause and prejudice test "must be something external to the petitioner, something that cannot fairly be attributed to him"). Significantly, Forbes arguments ignore the fact that he knew by his own admission the facts upon which he now relies by at least September 8, 2017. [Dkt. No. 1 at 4]; (Va. Sct. Rec. at 63-64). At that point, Forbes should have moved to amend his state habeas petition to raise the new claim. Accordingly, nothing prevented Forbes from raising his claim that the VDOC has miscalculated his total number of jail credits and therefore miscalculated his release date.

### III. Mootness

Alternatively, "[a] habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." Aragon v. Shanks, 144 F.3d 690, 691 (10th Cir. 1998) (citing Spencer v. Kemna, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial

4

decision." Spencer, 523 U.S. at 7 (citation omitted). A check on the VDOC Offender Locator page indicates that Forbes is no longer in the custody of the VDOC.[4]

Because Forbes is no longer in VDOC custody, there is no effective relief that can be granted, and his petition will be DISMISSED AS MOOT. See Williams v. Ozmint, 716 F.3d 801, 809 (4th Cir. 2013) ("A change in factual circumstances can moot a case ... such as when the plaintiff receives the relief sought in his or her claim."); Johnson v. Finnan, 252 F. App'x 98, 99 (7th Cir. 2007) (restoration of good time credits renders moot inmate's habeas challenge); see, e.g., Bassett v. Johnson, No. 7:11cv396, 2011 U.S. Dist. LEXIS 111590, at *3-4 (W.D. Va. Sept. 28, 2011) ("Plaintiff's release from the VDOC's custody moots his habeas claims because he is free, no longer needs good time credits, and is not subject to the VDOC's security classifications.") (citing Incumaa v. Ozmint, 507 F.3d 281, 287 (4th Cir. 2007)).

Accordingly, it is ORDERED that the respondent's motion to dismiss [Dkt. No. 7] is GRANTED and the § 2254 petition [Dkt. No. 1] be and hereby is as barred by the statute of limitations.

To appeal this decision, petitioner must file a written notice of appeal with the Clerk's office within sixty (30) days of the date of this Order. See Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal, noting the date of the Order over which the party seeks review. Failure to file a timely notice of appeal waives the right to appeal this decision.

---

[4] https://vadoc.virginia.gov/general-public/offender-locator/ (last viewed December 14, 2020). The July 26, 2017 Summary Audit included in the state court records indicated at that time that Forbes good time release date was September 14, 2020. Va. St. Rec. at 59.

The Clerk is directed to enter judgment in favor of respondent pursuant to Federal Rule of Civil Procedure 58; to send copies of this Order to petitioner and counsel of record for respondent; and to close this civil action.

Entered this 14th day of December 2020.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge